USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 29, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LOUISA SMITH,

                      Plaintiff,         05 Civ. 7729 (RJS) (DF)

    -against-                       **ORDER**

NEW YORK PRESBYTERIAN HOSPITAL, et al.,

                      Defendants.
------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

       Currently pending before this Court is a dispute as to whether Plaintiff, who is proceeding in this action *pro se,* should be required to produce to Defendants a videotape and transcript of Plaintiff's own, sworn pre-trial statement, made by her, privately, in an attempt to preserve her testimony should she become unavailable for trial. By Order dated January 8, 2010, the Court held that Plaintiff need not produce this statement, "as it appears that this statement would be covered by work product immunity, and Defendants have not made a showing sufficient to overcome that immunity." (Dkt. 47, at ¶ 4(e)(iv).) In light of subsequent letters from the parties, however, as well as their comments at a case management conference held on March 2, 2010, the Court decided that it should reconsider its ruling, after first affording the parties a greater opportunity to present argument as to whether the statement should be produced in discovery and, if so, under what conditions.

       On April 8, 2010, Plaintiff submitted a copy of the transcript of her statement to the Court for *in camera* review, proposing that, if production to Defendants were found to be required, then (1) the videotape and transcript should each be designated "Confidential," in their entirety, under the terms of a Protective Order previously issued by the Court, (2) both the

videotape and transcript should be redacted, so as to exclude information particularly claimed by Plaintiff to be covered by the work product doctrine or attorney-client privilege, and (3) Plaintiff should be permitted to produce the videotape and transcript *after* she had been deposed by Defendants – or at least after the first day, or half-day, of her deposition, so as to avoid giving Defendants the unfair advantage of hearing her intended "trial" testimony before having to frame any of their own deposition questions. (*See* Letter to the Court from Louisa Smith, dated Apr. 8, 2010; *see also* Letter to the Court from Louisa Smith, dated Mar. 16, 2010.) For their part, Defendants take the position that the videotape and transcript are relevant and fully discoverable, and that, while the material may be designated "Confidential," it should be produced immediately and in its entirety. (*See* Letter to the Court from Vincent L. Gallo, Esq., dated Feb. 9, 2010 ("2/9/10 Gallo Ltr.").)

Upon due consideration of the parties' arguments, and having now fully reviewed the transcript of Plaintiff's statement *in camera,* the Court, on reconsideration, adheres to its prior ruling that the videotape and transcript are best characterized as work product, under Fed. R. Civ. P. 26(b)(3), and that they need not be produced at this time. The statement was clearly prepared by a party "for trial," *see* Fed. R. Civ. P. 26(b)(3)(A), and Defendants have still not shown that they have substantial need for the statement, so as to prepare their own case, or that they cannot, without undue hardship, obtain the substantial equivalent by other means, *see id.* On this point, the Court notes that there are simply no discoverable facts contained in Plaintiff's statement that could not be elicited by Defendants through their own deposition of Plaintiff, which Defendants plan to conduct. Although Defendants contend that they are entitled to production of Plaintiff's statement "as a matter of right" pursuant to Fed. R. Civ. P. 26(b)(3)(C) (*see* Letter to the Court from Vincent L. Gallo, Esq., dated Feb. 9, 2010, at 2), that

2

provision refers to a party's right to obtain its "*own* previous statement" in discovery (Fed. R. Civ. P. 26(B)(3)(C) (emphasis added)), not its adversary's.

The Court is cognizant of the fact that Plaintiff, herself, may wish her statement to "see the light of day," should she become unavailable for trial. Indeed, Plaintiff has explained that she created the videotaped statement for the very purpose of having it available for presentation to a jury, in the event she is unable to testify at trial. It is questionable, however, that this hearsay statement could be used for that purpose, given that, under the Federal Rules of Evidence, an unavailable witness's prior testimony will generally only be admissible at trial where the opposing party has had an opportunity to cross-examine the witness on the testimony in question. *See* Fed. R. Evid. 804(b)(1); *see also Tierney v. Omnicom Group, Inc.*, No. 06 Civ. 14302 (LTS) (THK), 2007 U.S. Dist. LEXIS 69985, at *8 (S.D.N.Y. Sept. 21, 2007) ("[F]or Plaintiff's deposition testimony to be admissible in evidence, Plaintiff must be 'unavailable' for trial and Defendant must have an opportunity to meaningfully cross-examine Plaintiff at the deposition." (citing Fed. R. Evid. 804(b)(1)).) In any event, Plaintiff's desire to have her videotaped statement available for potential use at trial does not detract from its character as protected work product.

Nothing herein should be construed as prohibiting Plaintiff from producing her videotaped statement voluntarily, should she wish to make it available to Defendants so that she may be cross-examined at deposition on her statement – which may make it more likely that the statement may one day be considered admissible evidence under Fed. R. Evid. 804(b)(1). Plaintiff is cautioned, however, that any such voluntary production would waive the work product protection that is otherwise afforded to both the videotape and the transcript of the statement. *See In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993) ("The waiver

doctrine provides that voluntary disclosure of work product to an adversary waives the privilege as to other parties." (citations omitted)).

Dated: New York, New York
July 29, 2010

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Richard J. Sullivan, U.S.D.J.

Ms. Louisa A. Smith
800 Fifth Avenue, #33-A
New York, New York 10065

Vincent L. Gallo, Esq.
Heidell, Pittoni, Murphy & Bach, LLP
99 Park Avenue
New York, New York 10016