UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _ 01.26.15
```

LOUISA SMITH,

                        Plaintiff,

    -v-

NEW YORK PRESBYTERIAN HOSP., *et al.*,

                        Defendants.

No. 05-cv-7729 (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

On December 30, 2014, the Court issued an Order putting Plaintiff on notice that the Court was "inclined to dismiss the case as a sanction for failure to comply with a pretrial order." (Doc. No. 286.) Specifically, the Court noted that Plaintiff had failed to comply with the Court's numerous directives, over several months, that she file, among other things, an exhibit list and witness list in advance of trial. Nevertheless, given Plaintiff's "pro se status and the age of this case," the Court granted Plaintiff "one more opportunity to comply" with its prior orders and set a deadline of January 9, 2015 for submissions of Plaintiff's exhibit list and witness list. The Court is now in receipt of the attached 25-page submission from Plaintiff, dated January 9, 2015, that once again fails to include an exhibit list or witness list. Accordingly, for the reasons set forth below, the Court dismisses this case with prejudice.

As previously discussed in its December 30 Order, the Court issued an order on March 20, 2014, directing the parties to submit by May 2, 2014 the information required by Federal Rule of Civil Procedure 26(a)(3), as well as a joint pretrial order that included a brief statement from Plaintiff as to the basis of subject matter jurisdiction, a brief summary of the claims and defenses that remained to be tried, a statement from each party as to whether the case was to be tried with a

jury and over how many days, any stipulations of facts or law that had been agreed to by the parties, a witness list that indicated whether such witnesses would testify in person or by deposition, a designation by each party of deposition testimony to be offered, an exhibit list from each party (including any objections from the adverse party), a joint proposed voir dire, a joint proposed verdict form, and joint proposed jury instructions. (Doc. No. 230.)  On May 2, 2014, Defendants submitted their portion of the proposed pretrial order without any input from Plaintiff, who declined to contribute to the submission. (Doc. No. 249.)  Nevertheless, by May 2, 2014, Plaintiff had submitted four letters, totaling 29 pages, covering a range of topics, none of which included or conveyed any of the information required by the March 20 Order.  (Doc. Nos. 242, 244, & 245.) Significantly, Plaintiff neither sought nor received an adjournment of the Court's May 2, 2014 deadline for submitting a proposed pretrial order.  Between May 21, 2014 and August 4, 2014, Plaintiff filed several more submissions, totaling 193 pages in briefing and 226 pages in exhibits, none of which included the information or documents required by the March 20 Order.  (Doc. Nos. 253, 258, 261, 264, 266, 267, 268, 270, & 273.)

On September 30, 2014, the Court resolved one of Defendants' motions *in limine* and scheduled trial for January 26, 2015.  (Doc. No. 275.)  The Court thereafter held a pretrial conference on November 18, 2014, at which it resolved Defendants' remaining motions *in limine* and repeatedly reminded Plaintiff that she had failed to file an exhibit list, witness list, proposed voir dire, jury instructions, and all the other items set forth in the Court's March 20 Order. (Transcript of Conference, Nov. 18, 2014, Doc. No. 281 ("Conf. Tr.") at 8:5-6, 9:17-19, 11:8-11, 11:14-15, 13:16-21, 14:8-10, & 14:23-25.)  After the Court inquired as to whether Plaintiff intended to proceed with trial in this action, Plaintiff responded that she would only proceed to

trial if she were permitted to put on certain evidence that the Court had either already determined would be excluded in response to Defendants' motions *in limine* or went to claims that previously had been dismissed as part of the Court's March 20 summary judgment ruling. (Conf. Tr. at 10:9-13, 14:16-22, 16:10-13.)  After adjourning the trial by two weeks to February 9, 2015, the Court granted Plaintiff an additional thirty (30) days, until December 17, 2014, to make her necessary pretrial submissions, including, *inter alia*, an exhibit list and witness list. (Conf. Tr. at 15:4-13, 17:18-25.)  The Court further warned Plaintiff that failure to meet the December 17 deadline would result in this action being dismissed. (Conf. Tr. at 21:3-8.)  On November 19, 2014, the Court issued an Order explaining the Court's rulings on Defendants' motions *in limine* and memorializing the deadlines imposed at the November 18 conference, including the December 17 deadline for Plaintiff's pretrial submissions. (Doc. No. 278.)

On December 8, 2014, the Court received a 14-page submission from Plaintiff requesting reconsideration of the Court's March 20 summary judgment ruling, seeking an extension to file her motion for reconsideration of the Court's November 19 Order resolving Defendants' motions *in limine*, requesting in the alternative that the Court reconsider its November 19 Order based on her December 8 submission, and seeking relief from the protective order previously put in place by Magistrate Judge Freeman, to whom the case had been referred for general pre-trial supervision and discovery.  On December 10, 2014, the Court issued an order denying Plaintiff's requests. (Doc. No. 280.)  The Court also reminded Plaintiff that the deadline for Plaintiff to file her pretrial

3

submissions, including proposed voir dire, proposed jury instructions, proposed verdict form, exhibit list, and witness list, was December 17, 2014.[1]

On December 17, 2014, the Court received three submissions from Plaintiff, totaling 24 pages, none of which included an exhibit list or witness list.  (Doc. Nos. 283 & 284.)  One of the three submissions did include a proposed voir dire – albeit with questions that were largely irrelevant or incomprehensible – and jury instructions that went to none of the elements for any of the claims that remain in this action.  Plaintiff also continued to take the position that she would not proceed to trial if the Court continued to stand by its prior orders that dismissed some of her claims and excluded evidence that she sought to introduce.  (Doc. No. 284 (stating variously that "The trial you propose will become a charade if you exclude [evidence that the Court excluded in its ruling on Defendants' motions *in limine*]," and "IF YOU ARE SERIOUS ABOUT THIS TRIAL . . . THEN YOU WILL LET ME PUT ON MY ENTIRE CASE") (underlining and capitalization in the original).)

In response to Plaintiff's December 17 submissions, the Court expressly advised Plaintiff that it was "inclined to dismiss the case as a sanction for failure to comply with a pretrial order," but ultimately granted "Plaintiff one more opportunity to comply with the Court's numerous directives" given "Plaintiff's pro se status and the age of this case."  (Doc. No. 286.)  The Court

---

[1] The December 10 Order also addressed Plaintiff's alleged confusion as to whether the Court ever modified its March 20 summary judgment order to now permit her to pursue a federal retaliation claim.  Plaintiff has invoked this alleged modification or clarification on numerous occasions as a basis for her belated or non-existent filings.  The Court clearly stated in its sealed March 20 summary judgment order that "the allegations relating to [the alleged November 2004] incident can support . . . Smith's . . . ADA retaliation claim," and that "[t]hese allegations could support a claim that NYPH staff retaliated against Smith because she complained to the hospital and threatened to take legal action.  *See* 42 U.S.C. § 12203(a)."  (Doc. No. 231 at 15.)  The Court's March 20 summary judgment order plainly permitted Plaintiff to pursue her federal retaliation claim, and Plaintiff's professed confusion over this as grounds for her dilatory conduct is baseless.  To reaffirm this fact, the Court's December 10 Order stated that "the Court has not modified its March 20 summary judgment order and declines to do so now."

clearly stated that "by January 9, 2015, Plaintiff must file an exhibit list and witness list," and that "[f]ailure to do so will result in the Court canceling the trial and dismissing the case."

Plaintiff's January 9 submission does not include an exhibit list or witness list. Rather, Plaintiff variously asks for more time, asserts that she did not have sufficient notice of the Court's requirements, requests reconsideration of the Court's rulings on Defendants' motions *in limine* and Defendants' motion for summary judgment, and demands that Defendants be sanctioned. On page 15 of Plaintiff's 25-page submission, Plaintiff does make general references to categories of "documents [she] would want to submit," such as "[c]orrespondence, medical records, deposition excerpts, . . . and audio tapes of [Defendants'] staff." But Plaintiff provides no specific list of documents or exhibits, leaving Defendants and the Court guessing as to what particular evidence will be offered in Plaintiff's case. Plaintiff's submission likewise refers to various "witnesses on whom [she] would hope to rely" or who "perhaps . . . can testify," but she makes clear that "[t]his is not a complete list," and, in any event, Plaintiff's submission makes repeated references to several witnesses who have already been precluded by the Court's November 19 *in limine* ruling or go to claims dismissed by the Court's March 20 summary judgment order. Finally, Plaintiff's lengthy submission also refers to numerous documents that have either been excluded pursuant to the Court's rulings on Defendants' motions *in limine* or go to claims that were dismissed in the Court's summary judgment ruling. To this end, Plaintiff continues to state that "[she] only want[s] a trial if it meaningfully permits [her] to be heard on most of the federal issues that led up to even the 2004 retaliation, which entails disclosure of the REASON and MOTIVATION the Defendants had for retaliating." Only then would the trial be, in her mind, a "full and fair hearing" rather than "merely a charade."

5

Plaintiff's repeated failures to comply with the Court's orders have left the Court in an untenable position. With trial barely two weeks away, Plaintiff has made clear that she has no intention of trying this case in an orderly manner or in conformity with the Court's orders. Instead, Plaintiff insists that she is free to proceed as she pleases, without regard to the Court's orders, prior rulings, or deadlines. In essence, Plaintiff seems determined to send these proceedings into chaos, with each day presenting new opportunities to ignore Court orders while, at the same time, filing outlandish, incomprehensible, and unauthorized submissions that drive the litigation process to a grinding halt. For the Court to do nothing in the face of such recalcitrance would be unfair to all involved, and certainly would prejudice Defendants, who have complied with the Court's orders regarding pretrial submissions and yet remain in the dark as to the basic details of Plaintiff's case-in-chief. Accordingly, the Court reluctantly concludes that it has no choice but to dismiss this action for Plaintiff's failure to obey the Court's pretrial orders. *See* Fed. R. Civ. P. 16(f)(1)(C).

The Second Circuit has held that, "in reviewing a district court's dismissal order under Rule 16(f), we apply the same standards developed with respect to Rule 37(b)(2) sanctions," which means a circuit court "will not reverse a district court's dismissal sanction unless the record demonstrates abuse of discretion." *Carter v. Jablonsky*, 121 F. App'x 888, 889 (2d Cir. 2005) (citing *Friends of Animals, Inc. v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) (per curiam); *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988); *cf. Ashlodge, Ltd. v. Hauser*, 163 F.3d 681, 683 (2d Cir. 1998) (per curiam) (reviewing Rule 16(f) monetary sanction for abuse of discretion), *abrogated on other grounds by Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 200 (1999)). The Court notes that a Rule 37(b)(2) dismissal, and therefore a Rule 16(f) dismissal, "is a drastic remedy that should be imposed only in extreme

circumstances, usually after consideration of alternative, less drastic sanctions." *Id.* (quoting *John B. Hull, Inc.*, 845 F.2d at 1176 (quoting *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986))).

The Second Circuit has explained that dismissal sanctions serve three purposes: (1) to "ensure that a party will not be able to profit from its own failure to comply;" (2) to "secure compliance with a particular order at hand;" and (3) to provide a "general deterrent effect . . . provided that the party on whom [the sanctions] are imposed is, in some sense, at fault." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) (internal citations omitted). The Second Circuit has "recognized the propriety of a dismissal sanction where a party fails to comply with court orders 'willfully, in bad faith, or through fault.'" *Carter*, 121 F. App'x at 889 (quoting *John B. Hull, Inc.*, 845 F.2d at 1176 (quoting *Salahuddin*, 782 F.2d at 1132)). Both "willfulness" and "bad faith" imply "a deliberate disregard of the lawful orders of the court." *Cine Forty-Second St. Theatre Corp.*, 602 F.2d at 1067. But a party can be at "fault," sufficient to warrant a dismissal sanction, for "gross negligence." *Id.* Accordingly, dismissal sanctions are appropriate when a district court concludes that a party's failure to comply with court orders is due to "deliberate disregard" or "gross negligence," typically after the court considers "alternative, less drastic sanctions."

Here, Plaintiff has deliberately disregarded numerous Court orders by failing to file required documents and information, filing submissions months past the Court's generous deadlines, and filing submissions containing pages far in excess of what the Court permitted her to submit. The consistency with which Plaintiff has flouted Court orders leads to the inescapable conclusion that Plaintiff has deliberately and willfully disregarded the Court's prior orders.

7

Furthermore, the Court has patiently granted Plaintiff extension after extension, reminded her of her obligations, and refrained from sanctioning her until this point.[2]  Finally, a dismissal sanction would further the three purposes identified by the Second Circuit in *Cine Forty-Second St. Theatre Corp.*:  it will prevent Plaintiff from benefiting from her failure to comply, it will prevent Plaintiff from continuing to violate Court orders, and it will act as a general deterrent to those who may believe they can selectively comply with Court orders without consequence.

Dismissal of Plaintiff's remaining claim is also in keeping with Second Circuit precedent. For example, in *Carter*, the Second Circuit upheld the district court's dismissal sanction despite the fact that "the district court did not explicitly find that Carter acted willfully, in bad faith, or through fault, or specifically discuss why alternative, less drastic sanctions were inadequate," because "the record so plainly demonstrates Carter's flagrant disregard of court orders despite the court's patient efforts to secure his compliance."  121 F. App'x at 889.  As evidence of Carter's "flagrant disregard" of the district court's orders, the Second Circuit noted that Carter was directed to file his pretrial order by May 17, 2002, which he failed to do; the Court granted him an extension until August 1, 2002, which he once again failed to meet; the Court held a hearing on September 27, 2002, at which Carter requested another extension; the Court granted him an extension until November 18, 2002, and refrained from sanctioning him; the Court issued an order on November 7, 2002 reminding Carter of his impending deadline; Carter missed his November 18, 2002 deadline and requested another extension; the Court declined to grant this extension and ultimately dismissed the case on January 13, 2003.  *Id.* at 890.

---

[2] The Court notes that, given Plaintiff's pro se status and the fact that the Court has already precluded most of the categories of evidence alluded to in Plaintiff's rambling submissions, any lesser sanctions such as penalizing her monetarily or excluding evidence would be ineffectual to address Plaintiff's conduct.

Here, as in *Carter*, the Court ordered Plaintiff to file her pretrial order by May 2, 2014. (Doc. No. 230.)  Plaintiff failed to do so, and in response, the Court granted Plaintiff extensions to file various submissions on April 14, 2014, May 20, 2014, July 3, 2014, September 30, 2014, October 23, 2014, and December 30, 2014.  (Doc. Nos. 241, 252, 259, 275, 276, & 286.)  The Court also repeatedly reminded Plaintiff of her obligations and refrained from sanctioning Plaintiff.  (Doc. Nos. 259, 260, 278, 280, & 286.)  Furthermore, the Court twice encouraged Plaintiff to file an application for the appointment of pro bono counsel, which she declined to do. (Doc. Nos. 272 & 275.)  And, as noted above, the Court expressly advised Plaintiff that the consequence of failing to meet the Court's deadline would be dismissal.  (Doc. Nos. 278 & 286) Ultimately, as in *Carter*, the Court will have waited eight months after Plaintiff's pretrial order was due before dismissing the case as a sanction.  *See also Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (upholding dismissal sanction after "the district court explored numerous options before ordering dismissal, such as repeatedly allowing Minotti additional time to comply with the orders, informing Minotti of the actions he must take in order to comply with the orders, and warning Minotti about the threat of dismissal").

Equally informative is the Second Circuit's affirmance of a district court's Rule 16(f) dismissal sanction in *Houghton v. Culver*, 467 F. App'x 63 (2d Cir. 2012).  In *Houghton*, the plaintiff "failed to comply with three pretrial orders and did nothing to prepare for a trial that had been scheduled for approximately six months."  *Id.* at 65.  Like the plaintiff in *Houghton*, Plaintiff here has failed to comply with numerous pretrial orders and has not completed the basic tasks necessary for trial – including, *inter alia*, the submission of an exhibit list and witness list with sufficient specificity to allow Defendants and the Court to prepare for trial – despite the fact that

9

the Court set a trial date more than 10 months ago and first ordered that the proposed pretrial order be submitted by May 2, 2014.  Owing to Plaintiff's pro se status, the Court granted multiple extension requests, all to no avail.  But even a party's pro se status does not justify the flouting of district court orders, as Plaintiff has for the last year.  *See Houghton*, 467 F. App'x at 66 ("All litigants, including pro ses, have an obligation to comply with court orders.") (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (quoting *Minotti*, 895 F.2d at 103)).  Accordingly, the Court is left with no choice but to follow through on the warnings it issued at the November 18 conference and in the December 30 Order.

For the reasons stated above, the Court dismisses this action with prejudice.  The Court does so reluctantly.  In light of Plaintiff's pro se status and the state of her mental and physical health, the Court has been extremely indulgent toward Plaintiff, even after her repeated failures to comply with Court orders and deadlines.  But every act of indulgence toward Plaintiff is also an imposition on Defendants, their counsel, the Court, and the public, each of whom has a compelling interest in the orderly resolution of this action.  This case has been anything but speedy, and to be fair, not all of the delay in this action is attributable to Plaintiff.  But since the close of discovery on September 28, 2012, the Court has endeavored to move this nine-year-old case to resolution, without success.  From Plaintiff's increasingly erratic, rambling, and non-responsive filings, and her repeated failures to comply with the Court's clear orders, it is obvious that Plaintiff is not prepared to try this case, and in fact, has no intention of doing so.  Rather, Plaintiff seems intent on *litigating* this case in perpetuity.  That, of course, is not an option, and it is certainly unfair for Defendants to be left guessing as to whether Plaintiff will appear for trial at all, whether she will call witnesses (or introduce exhibits), and if so, who those witnesses might be.  Judges, court staff,

defendants, and jurors are not obliged to dangle in uncertainty at the mercy of litigants who are unable or unwilling to meet the most basic obligations of the judicial system.  Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's complaint is dismissed with prejudice, and the Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

DATED:     January 26, 2015
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order has been mailed to:

Louisa Smith
800 Fifth Ave., Apt. 33A
New York, New York 10065