A copy of this Order has been mailed to:

Louisa Smith
800 Fifth Ave., Apt. 33A
New York, New York 10065

800 Fifth Avenue, 33-A
New York, NY  10065
January 9, 2014

Hon. Richard J. Sullivan
United States District Court (via Pro Se Office)
500 Pearl Street, Pro Se Office, 2d Floor
New York, NY  10007

> Re:  Smith v. New York Presbyterian Hosp. et al.
>  (No. 05-7729)(RJS)(with DCF, recused without revocation
> of delegation, 2/27-28/13)

Dear Judge Sullivan,

You serve me by paper means, not electronically.  Under the Federal Rules, three days are presumed for delivery by mail, and indeed that is at least as long as it took for your order sent to me with an internal postmark of Dec. 31, 2014 to reach me.   Given Jan. 1, 2014 was a US Post Office holiday (if not also Jan. 2), and there is no mail delivery on Sundays, I did not get your order sent to me on Dec. 31 until late in the day on Monday, Jan. 5, 2015.

There is no reasonable way I can submit a full (or be permitted a fair time for) response to your Order with just four days' notice, after you denied a motion without explanation of what you will allow me to present to a jury, which is what I have been attempting to ascertain.

I propose to submit my response to your order sent to me Dec. 31 on Jan. 15, which is itself a short timeline given I still do not know what you allow me to present as my case (apparently you may wish the exhibits I propose to be set out with more specificity than already, and witnesses, though all parties were late in submitting those lists, and Defendants are represented by a firm with six lawyers on this case, while I am a pro bono litigant with limited financial resources and a medical condition that does interfere with my proceeding but does not prevent it (most of the time), and the Second Circuit has in effect taken this into account by finding that I should be treated like any layperson who is representing themselves, and not the standard for a lawyer representing himself in this Circuit.  Even though I acknowledged I have help from time to time (as long as I do not have formal counsel, which I had at that time for purposes of ORAL ARGUMENT in appeal  No. 05-6920).

You make it appear that I have had since March to prepare a (new) witness list and yet you have been recently taking away witnesses such as an eyewitness to abuse of me by persons called by doctors in turn on notice of my claims against their employer and on what grounds those claims were made, and where I did not need any help from anyone to exit the building.  If I could have him here or get his testimony from India, since it has been 11 years since

(If I lost power (electric) on Tuesday, and to get to court by Wednesday with an extension request was not workable (I would have to appear in person on a date of medical appointments, taking time to ask, with no assurances given past responses of [illegible] Court)

he said he would testify and he did have to return to India, YOU HAVE
NEVERTHELESS EXCLUDED IT, reading to me an order I asked to have a copy of
so I would know its contents PRIOR to our last court conference (Nov. 18,
2014).  (I explained repeatedly that I cannot take information in well merely
"aurally" and when I repeated that in open court on the conference date, your
response apparently was you had called me in to read it to me and that no
response from me was wanted.  If that were the case then why not just send it
to me?  I consider conferences as opportunities to discuss what has not
previously been reduced to order and litigated if any party believes there is
good cause.  Defendants have been given the chance to ask that your orders
not only be sent but be revised before we had any conference on any related
subject, for example (e.g. Jan. 29-30, 2014 order).

        Your order of Dec. 31, 2014 (sent to me that day) is written to
selectively quote as if I were impugning the court or being disrespectful:  My
point was that the Defendants are leading you in a direction of a "charade"; of
course, once you take what they say hook line and sinker, you are and will be
responsible for it.  That is why I hope you will not do so -- particularly when
you did CLARIFY that you did not mean to dismiss all my FEDERAL claims after
all (lo and behold, in an order after your March 19-20, 2014 orders were
issued), and asked me if I wanted to take an immediate appeal.  THAT
CLARIFICATION WORKED A CHANGE IN MY THINKING.  I HAD TAKEN A DIRECT
APPEAL IMMEDIATELY IN MARCH 2014, but you held onto the case.  I had
appealed your Jan 29-30, 2014 order and order denying reconsideraation on
grounds that you thought I should not rely on the court docket's stay marker
(quite astonishing to me, even if it is agreed it has been in disarray, because I
DO NOT HAVE CONTROL OVER THE DOCKET, THE COURT DOES, AND
DEFENDANTS SUCCEED IN VIOLATING COURT ORDERS AND INJUNCTIONS AS A
PARTICULARLY STRONG FORM OF COURT ORDER, BY UPLOADING
INFORMATION ELECTRONICALLY TO THE COURT DOCKET – where I had
thought someone reviewed it particularly with a protective order in place
before its being placed there, but that did not happen, yet you do not hold
THEM responsible for uploading what should not if the injunction was to be in
place as was ordered and as Defendants said they would obey it, until it was
lifted, though they did not believe it continued to have a reason for operation,
and only insisted it apply to MY ANSWER to their motion under Rule 56 filed
Apr. 16, 2014).

        Defendants are in no way prejudiced if I am allowed the very tight
timeline of say, Jan. 15, for response to your order.  Your order(s) recently
DENY me reconsideration of a motion that leaves it quite unclear exactly what
sort of information you WOULD permit me to put before a jury.  Thus, while all
parties were late with witness lists (I submitted more data earlier in the
process than Defendants did, I should add), and I am aware of no specificity in
Defendants' exhibits they propose to use at a trial you have clarified only
would NOT allow medical malpractice without an expert (but I then think "res 

2

ipsa" based on medical documentation done at a facility AFTER I was seen the same night at Defendant facility would call for a "res ipsa" ruling and a jury should be allowed to consider that with instructions that the issue should "speak for itself": No updating was done in Defendants ER on a cardiac issue in a patient previously documented, and then in a city hospital's ER they took an EKG and recommended a full exam to see if the condition was worse and whether a pacemaker was warranted – discharging me but sending the unusual EKG reading to a cardiologist for evaluation and sending the report to me for my information follow up, in case I did not have a recent exam by a cardiologist, etc. The question whether to follow up would be mine, but I should have been given or offered basic medical care in an ER setting where the prior records of the Defendants showed I have an abnormal heart rhythm, among other factors. This is also part of my discrimination claim – to not take a pulse, or do an EKG under those circumstances when all other treatment was delivered non-voluntarily on that evening by Defendants, and prior to "treatment" I was subjected to the usual "denuding" policy and practice BEFORE I COULD SEE A DOCTOR and on account of the allegation of the kind of disability I have or historically have had or both. (I have had putative anorexia nervosa, depression and PTSD, among labels that are the ones that stick the most often historically.)

More important to me are the federal retaliation claims (arguably the refusal or declination to do a full cardiac or even pulse-taking exercise as to a pateitn who has mad emany complaints and threatened to sue the facility, and who is borught in over her objection for their evaluation on the night in question about the "heart claim" as you term it, IS ITSELF retaliatory, some might actually conclude).

Defendants are not prejudiced by waiting to say, Jan. 15 for me to try to assess what in fact you intend, for that remains unclear – if you offer a trial but exclude an eyewitness's testimony even if I can obtain his appearance in the USA or by Skype from India, where he returned because his life went on after he agreed to testify for me about what he saw, and rescued me from and how things were left when he could not park to come in quickly with me to the police, so dropped me off and said he would testify, and we stayed in touch. That was over a decade ago and he did have to return to India. BUT IF YOU ARE EXCLUDING HIS TESTIMONY EVEN IF I CAN PRODUCE HIM, THEN WHAT WILL YOU LET ME PUT BEFORE THE JURY? This seems to be reasonable for me to ask. I tried to ask in my motion for reconsideration. I will have to engage in some mind-reading or else ask to dump the entire contents or the name of every exhibit in my summary judgment answer – which would take me longer than to Jan. 15, 2015, with redactions.

I do not here respond to Defendants' letter of Christman Eve, though I would like to answer it.

3

Defendants are not prejudiced nor will there necessarily need to be any delay in a trial if I produce the material you order ON FOUR DAYS NOTICE with instead two weeks instead of four days.  I am prejudiced in the sense of not knowing what KIND of material you will allow, and as such you still do not want me to put in my entire answer, and will not allow me to do it on the public record, even though Defendants will have won summary judgment on (it now appears all?) issues BY VIOLATING A COURT INJUNCTION, WITHOUT THE VIOLATION OF WHICH THEY MAY WELL NOT HAVE BEEN ABLE TO MEET THE DUE DATE SET (with their involvement in setting the due date, apparently, but no input from me, except that I relayed that while I did not yet have all my medical records, I was recommended as a discharge recommendation to STAY at the facility a bit longer, i.e., weeks, OR go to another hospital, but I had to put that together financially and obtain a bed at one of those places; Judge Freeman and you ordered that I would have to litigate FROM a hospital bed – being served there and somehow picking out exhibits and having them copied and submitted, while writing legal briefs and completing final legal research checks, WHICH NO HOSPITAL PERMITS).

[I HAVE KEPT THE FOLLOWING PARAGRAPH IN THIS SUBMISSION TO SHOW THE SORT OF MALWARE THAT HAS ONCE AGAIN AFFECTED MY COMPUTERS, this one having been "wiped 7x" clean and with software and operating system included all reinstalled after which it worked fine for a time.]  ******me LScre9ng da 9ied age itaanmayou and. ht at least, 9ty which I could not afford financially to do given sources of payment for my care in late Nov. 2013 through Jan, 2013 at a hospital in Massachusetts.  I was referred to other facilities that might have accepted payment/sources of cover from me that I do have,  and one that was intensive outpatient, all of which I was recommended to go to dgain  2 thou to , cinsuro4ndea staued theayd that erlxmput froTDWEN ABRTION OF  MNCCTION, not just all  just ,ent kjudgmentso by not RUR aieicedoedjtibn, Dsonaq9th 464,  LLECAAAAACIC TIF idruao a deacHe did return to indii,e tt and ha wbe  opieven lcude a t0 i4 iainecedo, lucondluaiotatorylaiatSELFTn gORE IMPORTANT TO ME th.) andanNOT CDOmukeeincluand further trutymtsnr te,m --) eoow yeesti)  a reruluglarngreferring me awarw d then , )   that if you will not)ng and findingqualinda one faciod e thn Dethjusu. .  beuou makesded  tyle for  REld s they tnnYOU SAID IT WA Sctgfore  tiMAEOS SND)), thats thehabnall your Jd y, IDATEDTF DF YOU YANGE WROksmpART; neiluyou m (in 9ylpslee r unsisuggestion that I have had a chance  *****

Given I also have to contend with malware like that which is again starting as before to damage my documents (between asterisks above is an example of how it starts, and then it will worsen with time unless someone can fix it for me), I also need more than FOUR DAYS to respond to your order.  I know of NO place where I can use a public or private (club-style) computer for unlimited periods of time as needed.  Every "Fedex-Kinkos" or similar company offering "computer use" and every library including private libraries

of which I am aware that allows public access to its computers limits public use of terminals to a period of an hour, or even twenty minutes, or something in between.  My ability to perform is slowed so that writing a brief or even a letter to a judge takes me many hours more than it did when I was not ill.

By being unable to respond to your order within FOUR DAYS or to get an extension request in on Wednesday night when my electricity went out on Tuesday and I have to file <u>in person</u> at court rather than electronically, and I take time to write letters, DOES NOT mean I am taking too much time.

I am NOT delaying this case.  Indeed, I will remind all of you and any who will hereafter read this submission, that <u>I took an immediate appeal to the Second Circuit of your Orders of Jan. 29-30, 2014 (the latter reversed the order of "Plaintiff" and "Defendant[s]" at the request of the Defendants), and your orders of March 19-20, 2014</u> (those March 2014 dates did not reflect changes but signature and entry dates, apparently; in any event I appealed timely to be sure of an appeal or if you prefer a protective appeal, as it later would transpire you clarified it was in your view because you were holding on to the case after all, then clarifying that you actually meant to allow me to have a <u>federal</u> retaliation claim heard which gave me some hope of being able to present the <u>REASON</u> for my making my federal retaliation claim (claims of federally prohibited discrimination based on unwarranted assumptions and stereotypes leading to degrading procedures – most horrid of all the strip search practice and policy (which is not a "medical decision" if you even refer I think to Defendants' expert report by Rebecca Brendel dated May 18, 2012, the date it was made actually DUE by Judge Freeman, and with Defendants having NO right to submit attempted subsitutes or NEW reports revising out the admissions against interest that the expert I retained responded to and depositions were had on the tight deadline Judge Freeman AND YOU insisted. She and you insisted despite a doctor's letter and an affidavit of a layperson about the effects of the 6/7/12 to 6/13/12 events that the court was made aware of had on me, and the need I had for a couple of weeks at least to recover.  Judge Freeman required me to accept those Defendant expert reports and to take depositions which I did in one case with no sustenance for 11 days prior except salt water (but you and she would not allow me to avoid the only opportunity I was to have for a deposition on the expert reports of these Defendant experts SCHEDULED FOR AUGUST AND SEPT. 2012, BASED ON THE MAY, 2012 REPORTS OF THEIR EXPERTS AND THE EARLIER REPORT OF MY EXPERT AND HER RESPONSE TO THEIR REPORTS (which is not a medical malpractice opinion, it is an opinion going to the basis for the discrimination claims, and the policies I challenge, which she discusses in her report and had said she had seen in her deposition, and most relevantly discusses the lack of any basis for the presumptions the Defendants have maintained undergird their policies and practices I challenge most centrally in this legal action under federal civil rights laws (as discriminatory based on my perceived membership in a group of persons defined by disability, and otherwise put by

my disability history and disability itself, and without regard to my individual circumstances denying me ANY accommodations from policies and practices that are not only NOT medical decisions each time put into practice by security guard staff (who see patients with disability for disrobing by force or or otherwise but not voluntarily by the patient, and includes removal of underwear within the sight of or by the hands of the security staff person, whether or not the staff person wants to or enjoys engaging in such sadistic and degrading procedures, --- the reason deposition testimony addresses that the policies continued in force the ENTIRE TIME of the discovery in this lawsuit and apparently to this day (thought they hired a new emergency room administrator for revision of ALL emergency rooms in their "east side" hospital – New York Presbyterian Weill Cornell Medical Center, the Hospital I have sued, which disclaims any close nexus of Weill Cornell Medical College with Cornell University though it is part of that university, hoping to avoid state action liability, AND it disclaims any similarly close relationship – as a matter of corporate law and coordinated practices – vis-à-vis Columbia University and its medical school.)

 Sources of the information I would wish to present include material you have already EXCLUDED (apparently misled by the Defendants, the reference to a "charade" being one that is used along with the term "Kabuki dance/ritual" by some of your colleagues on the bench, if they have no control; here you have some control over where the Defendants lead you and so while I would never wish to be, or be seen as being, disrespectful about the court or any Article III or other judge, at a certain point you do become responsible for the arguments and the claims the Defendants present to you and that you adopt without their being tested or with their being tested and shown to be false and wrong, and with negligence on their part not being an excuse usually allowed to a law firm when it is so extreme as it has been in this case. By "extreme" I mean refusing to produce documents with Bates numbers for more than two years into discovery, changing Bates numbers and removing and adding documents from document production, withholding documents under claims of privilege that the cases they cited to Judge Freeman did not as she herself found support and then claiming they couldn't find most of the documents anyway, though I have admissions and documents sufficient to make my case without the documents they non-credibly say they cannot find), missing due dates entirely and submitting material to Judge Freeman on an "ex parte" basis (which she allowed but I did not know was occurring until late in the years of this case and I then asked to be copied and she declined to require this, though you have taken a different view of what should be submitted – virtually everything should be shown to the other counsel unless transparently other counsel knows and there is a good reason for a contact to occur and particularly when it does not concern the merits). [On this "ex parte" point, I believe that all communications that were had "ex parte" should eventually be released to the public – and those kept from me by the court and Defendants released to me.  Defendants have had an associate no longer with

them tell the Court that I called a witness repeatedly before her deposition; at her deposition I asked this straightaway and she said it was not true; we had not spoken and I had not tried to contact her in the manner claimed by the Defendants counsel.  I have filed my expert report "ex parte" because it was DONE and I wanted it submitted rather than sitting, but Defendants were not ready to respond, so it was agreed it would go to the court ex parte.  Not all submissions are made TO the Courts any longer, after the rule change that meant discovery  production was NOT copied in an ongoing way to the Court. The Defendants submitted their expert reports that were in the overlong form submitted by the DUE DATE OF MAY 18, 2012, and then asked that I be required to pay for some of their time in explicating those reports which I was required to accept by Judge Freeman as and for hteir only reports and my expert TOOK TIME AND WAS PAID for her time responding to, prior to depositions.  At the depositions which Judge Freeman (and you in one instance) denied me time – even a couple of weeks supported by a doctor's letter and lay person's affidavit about what I had suffered in recent months and weeks – I spent a great deal of MONEY and I spent a good deal of my own health some might say (I had to go for 11+ days without any sustenance other than  salt water to remain outside of hospital and take those depositions on the timeline Judge Freeman required).  That order was not right then, and it now should certainly be scuttled because Defendants submitted reports dated April 2013 – almost 11 months later than allowed by the person to whom you delegated expert discovery management, and without their asking you for permission to submit NEW expert reports and rely on those in lieu of expert reports when due (and thus the later ones should be excluded, and further it is fraud on the court, and further I could not afford to depose them a SECOND time on new reports that evade the problem I honed in on during depositions, as did the expert whom I retained:  DEFENDANTS HAVE IN THEIR EXPERT REPORTS SUBMITTED TO THE COURT (AND ALSO IN DEPOSITIONS YOU HAVE NOT LET ME PUT ON THE COURT RECORD OR PUBLICLY, and in documents and audiotapes and other evidence), ADMITTED THEIR POLICIES AND PRACTICES USING LANGUAGE THAT BASICALLY TRACKS WHAT THE CASELAW DESCRIBES IS IN FACT "DISCRIMINATION."  In any event for now, I have spent more than twice (if not three times) on this case what I did to attend college and law school (private schools as I have no high school degree, but Ivy League so they did grant me some scholarship assistance, but I paid the bulk in loans and term-time work).  I did not exhaust financial resources for this public interest case for "play"; I did it to try to develop even more and then put the evidence before the Court of the strength of my case.  And what I claim in my pleadings should be allowed to be amended to add new incidents that occurred on which Defendants say THEY wish to rely on the discovery Judge Freeman allowed them, by at once complaining of the age of the case and then re-opening it discovery for them to have more, and then my needing to be hospitalized (first after visits that were not proper to be forced on me by staff Judge Freeman set in motion having dispatched to my home after I fainted in your court once and then after she claimed to want to know why I had stayed

7

after a court conference – which included watching court , something I had that very day been lectured was ANYONE'S RIGHT WIHTOUT EXPLAINING THEMSELVES, when I asked to know who all the people were watching my conference on Nov. 10, 2011.

It was fairly unprecedented to award any fees to multibillion dollar corporations from someone who had been qualified by the same judge including review of financial circumstances, for "pro bono" assistance (even if the Judge revoked it after Defendants complained), AND NOW IT IS STILL MORE IMPROPER AS DEFENDANTS NOT ONLY HAD NO RIGHT TO SUBMIT REVISED EXPERT REPORTS WHEN THEIRS HAD BEEN DUE FROM THOSE SAME EXPERTS (OR ANY EXPERTS) BY MAY 18 2012 – not April 2013, the date of their revised reports submitted to you, which they said were "overlong" but their reports had ALWAYS been overlong.  AND THEY WERE SUBMITTED TO COURT AS PART OF THE FEE REQUEST AND EARLIER BECAUSE I CHALLENGED THEIR FORM – wanting to use them only as admissions against interest, NOT for Defendants to be permitted to rely on them.  JUDGE FREEMAN REQUIRED ME TO ACCEPT THE REPORTS.  (Ordinarily a judge might not see any of this material, just as discovery material is no longer typically filed in its entirety with the court after it became unwieldy toward the close of the last century for the court to maintain that much paper.  That leads to unfair disputes in pro se cases, but I have admissions from Defendants about what they submitted and when in many instances, and that Judge Freeman did not get all copies of discovery is certainly true; indeed most of it she did not get, she assumed I did get it because she assumed Defendants would follow her orders.  Even though they have repeatedly violated her orders, including the INJUNCTION THAT HAS DERAILED THIS CASE BEING FAIRLY HEARD UNLESS A COURT CORRECTS THAT AND ALLOWS BOTH SIDES TO BE HEARD ON THE SAME PLATFORM – THE COURT'S OWN WEBSITE and from there, to PACER as well – AND considers both sides' arguments, even if this case has not been ideally put ready for summary judgment argumentation in the first place – e.g., my not being given the chance to submit a final all-encompassing or supplemental complaint to cover all incidents Judge Freeman reopened discovery to allow to Defendants).

To accuse me of DELAY is not fair under those or any other circumstances we might survey in this case.

I take a paragraph to mention the expert reports again because before my earlier appeal (March 27, 2014) there was no time to raise the issue prior to the appeal in order for it to be timely, and I had a cert petition I had just prepared.  I am pro se and ill, something this Court seems often to forget (along with the recognition by the Second Circuit that I am not to be required to meet any higher burden than a layperson when representing myself in this action).  Judge Freeman, without fully hearing a response from me (in part because I was not timely copied on the submission by the Defendants)